(56 South. 617.)

No. 18,454.

COMMUNY v. O'SULLIVAN.

(Oct. 16, 1911.)

*(Syllabus by the Court.)*

COSTS (§ 262*)—APPEAL—FRIVOLOUS APPEAL.

The Supreme Court cannot award damages for a frivolous appeal, unless prayed for by the appellee.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 998–1000; Dec. Dig. § 262.*]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Action by Mrs. A. Communy against E. A. O'Sullivan. The Emma Realty Company, third possessor of the mortgaged premises, enjoined the sale. Judgment dissolving the injunction and ordering the sale on foreclosure, and the Emma Realty Company appeals. Affirmed.

See, also, 127 La. 179, 53 South. 484; post, p. 628, 56 South. 618.

Dinkelspiel, Hart & Davey, for appellant. L. H. Marrero, Jr., for appellee.

LAND, J. Mrs. A. Communy sued out executory process on two mortgage notes made and indorsed by the defendant.

The Emma Realty Company, Limited, third possessor of the mortgaged premises, enjoined the sale of the property, on the grounds that the plaintiff was not the bona fide holder of said notes, but was a person interposed for the sole purpose of carrying on the litigation, and that the plaintiff was not authorized to stand in judgment and prosecute the suit. Plaintiff moved to dissolve the injunction on the ground, among others, that the allegations of the petition for injunction were not true.

On the trial of the motion it was proved that Mrs. A. Communy was a widow, and that she was the bona fide owner of the mortgage notes in question. There was judgment in her favor, dissolving the injunction, and ordering the sheriff to proceed to advertise and sell the property pursuant to the decree of foreclosure. The Emma Realty Company, Limited, appealed.

The cause has been submitted in this court without assignment or suggestion of error on the part of the appellant. Appellee has not answered and prayed for damages for a frivolous appeal, and therefore none can be awarded. Hennen's Digest, vol. 1, p. 73 (d), No. 2.

Judgment affirmed.